# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHELLE LANDIS, | ) | |
| | ) | CASE NO. 4:17-cv-03138 |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Joint Motion for Protective Order. ([Filing No. 19](#).) This motion is granted. Accordingly,

**IT IS THEREFORE ORDERED:**

1. This Protective Order ("Protective Order") governs the treatment of all information contained in documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned matter ("Action").

2. Any Producing Party may designate as "**CONFIDENTIAL**" any Discovery Material that it believes, in good faith, falls within the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case ("Confidential Discovery Material"). Information or documents that are available to the public may not be designated as Confidential Discovery Material. To the extent that a party—including any third party that produces documents in response to a discovery request, subpoena, or Court order in this action—produces account records of Defendant's customers, including the account(s) at issue in this litigation, those records may be produced as "**CONFIDENTIAL**."

Such production is deemed by the Court to fall within the exceptions set forth in 15 U.S.C. § 6802(e)(2), (3), and (8) of the Gramm-Leach-Bliley Act.

3. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material." This designation shall apply regardless of the form in which the Confidential Discovery Material is kept or maintained, and extends to any documents, including exhibits, copies, notes, abstracts, summaries or analyses, to the extent that such documents reflect Confidential Discovery Material. All Confidential Discovery Material shall be handled in strict accordance with the terms of this Protective Order.

4. All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of the document and on each page or portion thereof: "**CONFIDENTIAL.**" Designation shall subject material or a document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

5. Confidential Discovery Material that is designated "**CONFIDENTIAL**" may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

   a) The parties to this matter and their insurance company representatives, if any;
   b) Counsel for the respective parties, including in-house lawyers and paralegals, and attorneys, paraprofessionals, and employees of such law firms retained by the parties;
   c) Experts or consultants retained to assist counsel for the parties described in subparagraph 4(a), **provided that** counsel for the party retaining the expert or consultant first provide the expert or consultant with a copy of this Protective Order and obtain their verbal assent to abide by the Protective Order;
   d) Authors or recipients of the Confidential Discovery Material;
   e) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;
   f) The Court, Court personnel and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

g) Any employee or representative of the Producing Party.

6. Confidential Discovery Material shall be used only for the prosecution and/or defense of this Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Orders, or with the prior written consent of the Producing Party.

7. Confidential Discovery Material filed with the Court, or included in briefs, memoranda or other papers filed with this Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Nebraska.

8. Any party or person in possession of Confidential Discovery Material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Discovery Material, shall promptly give written notice by email to the counsel for the party who produced or designated the materials as confidential identifying the materials sought and enclosing a copy of the subpoena or other process. The Producing Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the Confidential Discovery Material. If the Producing Party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process shall not produce Confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Producing Party to seek a prompt judicial determination on the Producing Party's motion or objection before compliance is required.

9. The inadvertent failure to stamp a document, or a portion thereof, with the **"CONFIDENTIAL"** designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, **provided that** the Producing Party gives such notice in writing within thirty (30) days after becoming aware that the Confidential Discovery Material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such materials with the appropriate **"CONFIDENTIAL"** designation thereupon. Treatment of inadvertently produced confidential

material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

10. The Producing Party may, on the record of a deposition, or within thirty (30) business days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of the deposition as Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced 30-day period expires, the entire deposition shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains Confidential Discovery Material.

11. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit to so use or discuss the material for any reason. Any such use or discussion of confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

12. This Protective Order shall not enlarge or affect the scope of permissible discovery in this Action. Discovery Material produced in this Action may only be used in conjunction with this Action except by consent of the Producing Party.

13. The following procedures shall apply to any disputes arising from the designation of Discovery Materials as **"CONFIDENTIAL"** pursuant to this Protective Order:

   a) If a party in good faith disagrees with the Producing Party's **"CONFIDENTIAL"** designation, that party shall inform counsel for the Producing Party in writing of that disagreement no later than thirty (30) days after the close of discovery provided in the Court's Trial Scheduling Order;

   b) Upon written notification that a party disagrees with a **"CONFIDENTIAL"** designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

   c) If the dispute is not resolved within seven (7) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke Court rules and procedures for raising discovery disputes. Unless

otherwise provided by applicable law, the Producing Party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material; and

d) Until any such process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

13. Each document, material, or other thing, or portion thereof designated as **"CONFIDENTIAL"** shall retain that designation and shall remain subject to the terms of this Protective Order until the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order.

14. Except as otherwise agreed in writing by the parties, within forty-five (45) days after final resolution of this Action, all Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party, or the party's counsel shall certify to the Producing Party that all such materials in their possession, custody, or control have been destroyed. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material. Notwithstanding anything in this Protective Order to the contrary, the Producing Party shall retain a complete copy of all documents produced by the Producing Party for a period of five (5) years following the conclusion of this lawsuit.

15. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

16. Any document, material, or other thing, or portion thereof designated inadvertently disclosed or production of any information or document that is subject to an objection on the basis of the attorney-client privilege or work product protection, including but not limited to information or documents that may be considered Confidential Discovery Material will not be deemed to waive a party's claim to its privileged or protected nature or estop that

party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this provision.

Dated this 10th day of May, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge